IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOEL MILES WHITE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JIM SALMONSEN, CHRIS LAMB, CARRIE WALSTED, and D. JOHNSON,<br><br>　　　　　Defendants. | CV 25–18–H–DWM<br><br>ORDER |

Plaintiff Joel Miles White, a state prisoner proceeding without counsel, has filed a civil rights complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was incarcerated at Montana State Prison. (Docs. 1, 2.) More specifically, White alleges that he was deprived of due process during an internal disciplinary proceeding in which he was found to have a dirty UA. (*See generally*, Doc. 2.) The Defendants were ordered to answer, (Doc. 6), and filed a motion to dismiss on May 8, 2025, (Doc. 8). White did not respond to that motion despite being given additional time to do so. (*See* Doc. 10.) White was warned that if he failed to respond, the case may be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Such dismissal is appropriate here.

1

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to comply with the Federal Rules or orders of the court. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019). While the defendants have moved to dismiss under Rule 12, (*see* Doc. 8), a district court "may dismiss under Rule 41(b) sua sponte," *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). In determining whether dismissal under Rule 41(b) is appropriate, courts must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters*, 913 F.3d at 890. While "the public's interest in expeditious resolution of litigation always favors dismissal," that factor may be outweighed by a strong showing of the other factors. *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999).

Here, White filed this action in February 2025, (*see* Doc. 2), but has not filed anything with the Court since, despite the defendants' filing of a motion to dismiss, (*see* Doc. 8), and this Court's explicit command to respond to that motion, (*see* Doc. 10). White's failure to pursue his case therefore impedes both the expedient resolution of this case and this Court's ability to manage its docket. *See*

2

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). White's case has consumed judicial resources and time that could have been better spent on other matters. These factors, therefore, favor dismissal. The third factor requires courts to weigh the risk of prejudice to the defendants. A rebuttable presumption of prejudice arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted, although given the absence of actual prejudice, this factor does not weigh strongly against White in the present case. Finally, the Court has considered less drastic alternatives. Despite White's failure to timely respond to the pending motion to dismiss, he was given an additional opportunity to respond. (*See* Doc. 10.) White was also warned that he must provide the Court with any change of address or his action may be dismissed. (*See, e.g.*, Doc. 4 at 2–3; Doc. 6 at 3–4.) No such notice has been filed. Ultimately, White was given adequate and timely warning that his case was subject to dismissal if he failed to comply with this Court's orders. At this juncture, the Court can envision no further alternatives to dismissal.

Because four of the five factors weigh in favor of dismissal, this matter is dismissed based upon White's failure to prosecute and failure to comply with a court order. *See* Fed. F. Civ. P. 41(b).

Accordingly, IT IS ORDERED that:

1. This matter is DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

2. All pending motions are DENIED as moot and all pending deadlines are VACATED.

3. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 9th day of July, 2025.

Donald W. Molloy, District Judge
United States District Court