IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOEL MILES WHITE,<br><br>              Plaintiff,<br><br>vs.<br><br>JIM SALMONSEN, CHRIS LAMB, CARRIE WALSTED, and D. JOHNSON,<br><br>              Defendants. | CV 25–18–H–DWM<br><br>ORDER |

Plaintiff Joel Miles White, a state prisoner proceeding without counsel, has filed a civil rights complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was incarcerated at Montana State Prison. (Docs. 1, 2.) More specifically, White alleges that he was deprived of due process during an internal disciplinary proceeding. (*See generally,* Doc. 2.) Defendants were ordered to answer, (Doc. 6), and filed a motion to dismiss White's Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, (Doc. 8). Following some delay, (*see* Docs. 10, 11, 12), White responded, (Doc. 13). Defendants' motion is denied.

**LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure

1

12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). While pro se complaints are construed liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), "a liberal construction of a pro se complaint . . . does not mean that the court will supply essential elements of a claim that are absent from the complaint," *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022).

The facts are taken from White's Complaint, (*see* Doc. 2), and are assumed to be true and construed in the light most favorable to him, *Ariix, LLC v. NutriSearch Corp.*, 985 F.3d 1107, 1114 (9th Cir. 2021). While review of a Rule 12(b)(6) motion is generally limited to the pleadings; *see* Fed. R. Civ. P. 12(d), courts may consider documents attached to the complaint, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Accordingly, those documents are considered here. (*See* Doc. 2-1.) However, because the disciplinary records filed

by Defendants are not similarly subject to any other exception, *see, e.g., Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (identifying "judicial notice and incorporation-by-reference" as additional exceptions to Rule 12(d)), they are not considered here. (*See* Docs. 9-1, 9-2, 9-3.)

## ANALYSIS

Section 1983 confers a tort remedy upon individuals "whose constitutional rights have been violated by state officials acting 'under color of' law." *Whalen v. McMullen*, 907 F.3d 1139, 1145 (9th Cir. 2018) (quoting 42 U.S.C. § 1983). Consistently, "[t]o state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (internal quotation marks omitted).

Here, White alleges that he was deprived due process during internal disciplinary proceedings because he was not provided a copy of the toxicology report that was the basis for a finding of his guilt on two separate occasions. (*See* Docs. 2, 2-1.) "The Fourteenth Amendment Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protections must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A liberty interest "may arise from

3

the Constitution itself . . . or it may arise from an expectation or interest created by state laws or policies." *Id.* Indeed, "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484 (citation omitted). If the court finds that the hardship alleged "is sufficiently significant, then [it] must determine whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez v. Galaza*, 334 F.3d 850, 860–61 (9th Cir. 2003).

Here, Defendants argue that the "Complaint does not state which specific action any of the Defendants took to impose an atypical or significant hardship on [White]." (Doc. 9 at 6.) However, White alleges, as a result of his positive UAs, he was "given 15 days [cell restriction], $25.00 fine, [and] removed from [his] unit." (Doc. 2 at 5; Doc. 2-1 at 1.) He also alleges that, overall, he lost "17 years [of] clear conduct," his "status" was changed, and he was transferred to a different prison within the state of Montana. (Doc. 2 at 5.) It also appears his visiting privileges were suspended for 180 days. (Doc. 2-1 at 6.) In so pleading, White inherently alleges that, according to him, he suffered sanctions that fell outside the

4

conditions of his normal prison life. *See Hebbe*, 627 F.3d at 342 (requiring pro se pleadings be liberally construed). Whether these sanctions amount to an "atypical and significant" hardship is a fact question that turns on not only the conditions of normal prison life at the Montana State Prison, but also the very specific terms and language contained in state law and the Prison's policies. *See Meachum v. Fano*, 427 U.S. 215, 225–26 (1976). Those matters cannot be resolved on the present motion. Indeed, Defendants' submission of White's disciplinary records in support of their motion is a tacit acknowledgement of the factual nature of this inquiry. *See, e.g., Gordon v. Maycayo*, 43 Fed. App'x 67, 68 (9th Cir. 2002) (affirming grant of *summary judgment* to prison on procedural due process claim premised on a prisoner's "confinement to quarters for sixty days").

## CONCLUSION

Because White has stated a plausible due process claim, IT IS ORDERED that Defendants' motion to dismiss (Doc. 8) is DENIED.

DATED this 6th day of August, 2025.

Donald W. Molloy, District Judge
United States District Court

5