IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOEL MILES WHITE, | CV 25–18–H–DWM |
| Plaintiff, | |
| vs. | ORDER |
| JIM SALMONSEN, CHRIS LAMB, CARRIE WALSTED, and D. JOHNSON, | |
| Defendants. | |

Plaintiff Joel Miles White, a state prisoner proceeding without counsel, has filed a civil rights complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was incarcerated at Montana State Prison. (Docs. 1, 2.) White has filed several motions seeking discovery from Defendants. (*See* Docs. 33, 37, 44, 50). The first two motions were denied as either premature or improperly filed. (*See* Docs. 34, 39.) In the latter two motions, White argues that Defendants have improperly limited the scope of discovery, (Doc. 44), and that their failure to provide him with the requested information should result in judgment being entered in his favor, (Doc. 50). Because neither request has merit, both motions are denied.

1

White argues that Defendants have failed to provide him with discovery pertaining to the following:

> 1.  The meal delivery log to C Unit for the month of July 26, 2024 to August 31, 2024 from the low-side kitchen.
>
> 2.  Any and all memos, log entries, emails, writeups, or notes, restrictions, tangible items from Sgt. Gwen out of C Unit, also Commission Post Logs.
>
> 3.  Any and all documentation from Carrie Walstead to Associate Warden Lamb, Billie Reich, Amie Garland, U.M. Kambic, Lt. Lakel, also emails, notes and tangible items.
>
> 4.  Chris Lamb, letters, emails, appeals, kites, notes, grievance responses.
>
> 5.  Billie Reich: grievance coordinator D.O.C., letters, emails, paper packets, responses, log entries, kites and any and all responses to Carrie Walsted, A.W. Chris Lamb, U.M Garland, U.M. Kambic and any tangible items.

(Doc. 44-1.)  In response, Defendants indicated that they would attempt to provide the meal logs, but that the remaining requests were "overly broad and overly burdensome," (Doc. 44-3), as well as irrelevant, (*see* Docs. 47, 55).  They also argue that White failed to comply with the Scheduling Order in the case, which required that he file a pretrial statement before engaging in written discovery.  (*See* Doc. 32.)  Because Defendants are correct on all fronts, White's motion to compel is denied.

As to the propriety of White's motion, Defendants are indeed correct that per the explicit terms of the Scheduling Order, "[n]o party may serve written discovery

2

requests or take any depositions until they have filed their disclosure statement . . . and provided their disclosures" as outlined in that Order.  (Doc. 22 at ¶ I(D).)  Because White never filed his disclosure statement, he was not permitted to make written discovery requests and Defendants were not required to respond to such requests.  As argued by Defendants, his motion could be denied on this ground alone.  (*See* Doc. 47.)  But White's motion fails under the basic tenets of discovery as well.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  The party seeking production bears the initial burden of showing that the information and documents sought are relevant.  *Brewer v. BNSF Ry. Co.*, 2018 WL 1756432, at *1 (D. Mont. Jan. 11, 2018).  White has not met that burden here as he has made no attempt to connect the requested documents with the narrow issues in this case.  That omission is compounded by the fact that White's requests are not limited by either a timeframe or a topic area.  Defendants' objections to those requests is therefore well taken.

Accordingly, IT IS ORDERED that White's motions (Docs. 44, 50) are DENIED.

DATED this 17th day of July, 2026.

_____
Donald W. Molloy, District Judge
United States District Court