IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JOEL MILES WHITE,<br><br>             Plaintiff,<br><br>vs.<br><br>JIM SALMONSEN, CHRIS LAMB,<br>CARRIE WALSTED, and D.<br>JOHNSON,<br><br>             Defendants. | CV 25–18–H–DWM<br><br><br>ORDER |

Plaintiff Joel Miles White, a state prisoner proceeding without counsel, has filed a civil rights complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights while he was incarcerated at Montana State Prison. (Docs. 1, 2.) White has filed several unsuccessful motions seeking discovery from Defendants. (*See* Docs. 33, 37, 44, 50, 56). Most recently, White asks the Court to reconsider its denial of his motion to compel as untimely. (Doc. 58.) That motion is granted in part.

White argues that Defendants have failed to provide him the following discovery:

> 1. The meal delivery log to C Unit for the month of July 26, 2024 to August 31, 2024 from the low-side kitchen.

1

2. Any and all memos, log entries, emails, writeups, or notes, restrictions, tangible items from Sgt. Gwen out of C Unit, also Commission Post Logs.

3. Any and all documentation from Carrie Walstead to Associate Warden Lamb, Billie Reich, Amie Garland, U.M. Kambic, Lt. Lakel, also emails, notes and tangible items.

4. Chris Lamb, letters, emails, appeals, kites, notes, grievance responses.

5. Billie Reich: grievance coordinator D.O.C., letters, emails, paper packets, responses, log entries, kites and any and all responses to Carrie Walsted, A.W. Chris Lamb, U.M Garland, U.M. Kambic and any tangible items.

(Doc. 44-1.) In response, Defendants indicated that they would attempt to provide the meal logs, but that the remaining requests were "overly broad and overly burdensome," (Doc. 44-3), as well as irrelevant, (*see* Docs. 47, 55). Other than to insist that he is entitled to the information, White fails to show how his open-ended requests comply with the Federal Rules of Civil Procedure, specifically the requirements that such discovery be "relevant" and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 33, 34. In light of White's pro se status, he will be given a final opportunity to make reasonable discovery requests.

Accordingly, IT IS ORDERED that White's motion (Doc. 58) is GRANTED in PART. On or before August 18, 2026, White may file a targeted set of discovery requests with the Court that are limited in both temporal scope and

2

subject matter to the case at hand.  Requests that lack either of these components will be summarily rejected.  The Court will consider White's requests and will order Defendants to provide the responsive materials, if appropriate.  This is White's final opportunity to obtain discovery in the case.

IT IS FURTHER ORDEREDED that the schedule in the case is extended. Counsel shall ensure that the parties accomplish all tasks set forth in Doc. 22-1 on or before **September 25, 2026**. A Final Pretrial Conference and trial date will then be set by further Order f the Court.

DATED this 4ᵗ day of August, 2026.

Donald W. Molloy, District Judge
United States District Court

3